Li-Shang v. Sessions

BIA
Hom, IJ
A205 647 594

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand eighteen.

PRESENT:
>        DENNIS JACOBS,
>        PETER W. HALL,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

JIANXING LI-SHANG,

>            *Petitioner,*

>    v.                                      16-3851
>                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

>            *Respondent.*

_____

FOR PETITIONER:            Thomas V. Massucci, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant

Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Lindsay C. Dunn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianxing Li-Shang, a native and citizen of the People's Republic of China, seeks review of an October 24, 2016, decision of the BIA affirming a March 15, 2016, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianxing Li-Shang,* No. A205 647 594 (B.I.A. Oct. 24, 2016), *aff'g* No. A205 647 594 (Immig. Ct. N.Y.C. Mar. 15, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case, in which Li-Shang applied for relief based on his claims that he was beaten for opposing China's family planning policy and that he fears persecution as a Christian.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S.*

2

*Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009); *see also Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015) ("The IJ's factual finding of competency is reviewed under the substantial evidence standard . . . .").

The agency did not err in finding Li-Shang competent to proceed with his removal hearing without additional safeguards. "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011). To determine competency, an IJ may ask questions regarding "the nature of the proceedings, . . . the respondent's state of mind[,] [and] . . . whether he or she currently takes or has taken medication to treat a mental illness," or the IJ may continue proceedings to permit an evaluation. *Id.* at 480-81.

3

Here, the IJ engaged in the appropriate inquiry after Li-Shang's attorney alleged that Li-Shang had memory issues and anxiety, and the IJ reasonably concluded that Li-Shang was competent. As the IJ found, Li-Shang provided responsive answers about the nature of the proceedings, how he entered the United States, and who the IJ was in the proceedings. Furthermore, Li-Shang was able to detail his medical issues from polio and admitted that he had experienced stress and nervousness only when detained at the border and when appearing before the IJ. He also admitted that he was able to hold two jobs. Given Li-Shang's responsiveness, lack of relevant medical history, and ability to work, the IJ did not err in finding him competent. *Id.* at 479-81.

Li-Shang's additional competency challenges fail. He argues that he was unresponsive and suffered memory lapses throughout his hearing. However, the record reveals that Li-Shang understood the questions posed but tried to avoid admitting facts damaging to his claims. Li-Shang had no difficulty remembering specific dates, such as his birthday, his wedding anniversary, and the birthdates of two of his children, and his memory lapsed only when he was asked for dates relevant to his family planning claim.

We do not review the agency's determination that Li-Shang failed to satisfy his burden of proof with adequate corroboration because Li-Shang abandons any challenge to those findings, relying solely on his competency argument to excuse his failure to satisfy his burden. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (considering claim abandoned because petitioner did not argue it in his appellate brief).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of Court

5